Samantha Ruscavage-Barz
NM State Bar No. 23276
WildEarth Guardians
312 Montezuma Ave.
Santa Fe, NM 87501
Tel: (505) 988-9126 ext. 1158
Fax: (505) 989-8623
Email: sruscavagebarz@wildearthguardians.org

*Pro hac vice application submitted herewith*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

_____
                                    )
WILDEARTH GUARDIANS,                )   No._____
                                    )
       Plaintiff,                   )
                                    )   COMPLAINT FOR
vs.                                 )   DECLARATORY AND
                                    )   INJUNCTIVE RELIEF
LISA JACKSON, Administrator of U.S. )
Environmental Protection Agency, sued in )
her official capacity,              )
                                    )
       Defendant.                   )
_____ )

**INTRODUCTION**

1. This is a straightforward deadline suit. Under the Clean Air Act, the Administrator of the U.S. Environmental Protection Agency (hereafter, "EPA") must establish National Ambient Air Quality Standards ("NAAQS") to protect public health and welfare. NAAQS limit the amount of air pollution legally allowed in the air we breathe. To implement the NAAQS, EPA must designate areas violating the NAAQS as "nonattainment areas." These nonattainment area designations trigger deadlines and duties upon EPA to ensure air quality is brought into compliance with, or attains, the NAAQS in that area. EPA has failed to meet its mandatory deadline for designating NAAQS nonattainment areas for ozone. As a result, communities throughout the United States are being denied healthy air.

2. The Clean Air Act ("CAA") mandates that EPA designate areas as nonattainment, attainment, or unclassifiable within two years after the revision of a NAAQS, although the agency may avail itself of a one-year extension of this deadline under certain circumstances. Thus, at most, EPA must finalize its area designations within three years after the promulgation of a revised NAAQS.

3. In this case, EPA promulgated a revised NAAQS for ground-level ozone—the key ingredient of smog—on March 12, 2008 (the "2008 ozone NAAQS"). Ground-level ozone is linked to a number of adverse health impacts, including asthma attacks, emergency room visits, lung deterioration, difficulty breathing, coughing, wheezing, and even premature death. The 2008 ozone NAAQS is more stringent than the old 1997 standard, responding to scientific data showing that greater protection of public health was necessary.

4. More than three years have passed since the EPA promulgated the 2008 ozone NAAQS, and EPA still has not made nonattainment area designations. In the meantime, a number of areas in the United States are in violation of the 2008 ozone NAAQS. Included among these areas are: Phoenix, Arizona; the Denver Metropolitan Area; Doña Ana County, New Mexico; Salt Lake County, Utah; and Sublette County, Wyoming. Because EPA has not made its nonattainment area designations, air quality in

1  these cities and counties is not being cleaned up to attain the 2008 ozone NAAQS.

2  Importantly, air quality is not being cleaned up to protect public health.

3      5.    Plaintiff WildEarth Guardians ("Guardians") brings this citizen suit pursuant

4  to the CAA to compel Defendant, Lisa Jackson, Administrator of the EPA, to perform a

5  non-discretionary duty under the CAA and make the required nonattainment area

6  designations.  Put simply, Guardians wants the Administrator to stop delaying and start

7  cleaning the air.

## JURISDICTION AND VENUE

9      6.    This is an action "against the Administrator where there is alleged a failure of

10 the Administrator to perform any act or duty under [the CAA] which is not discretionary

11 with the Administrator." 42 U.S.C. § 7604(a)(2).  Thus, this Court has jurisdiction pursuant

12 to 42 U.S.C. § 7604(a)(2) (CAA citizen suit provision) and 28 U.S.C. § 1331 (federal

13 question).

14     7.    The requested declaratory relief is authorized by 28 U.S.C. § 2201(a).  The

15 requested injunctive relief is authorized by 28 U.S.C. § 2202.

16     8.    By letter dated March 14, 2011, Guardians provided EPA with written notice

17 of the claims concerning EPA's failure to make its area designations under the CAA.

18 Guardians provided this notice pursuant to 42 U.S.C. § 7604(b)(2), and 40 C.F.R. §§

19 54.2(a) and 54.3(a).  According to U.S. Postal Service e-return receipts, the Administrator

20 received Guardians' notice letter on March 18, 2011.  Although more than 60 days have

21 elapsed since Guardians gave notice of the legal violations pled in this Complaint, EPA

22 remains in violation of the law.

23     9.    As EPA has failed to redress the CAA violations set forth in Guardians'

24 notice letter, there exists now between the parties an actual, justiciable controversy within

25 the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

26     10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(e).

27 Guardians maintains an office in the Phoenix Metropolitan area.  A substantial part of the

28 events or omissions giving rise to Guardians' claims occur in this judicial district because

the Administrator's failure to perform her non-discretionary duty is impacting areas within Arizona, in particular the Phoenix Metropolitan Area which the Governor of Arizona has determined is a nonattainment area for the 2008 ozone NAAQS.

**PARTIES**

11. Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization. Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West, and to safeguarding the Earth's climate and air quality. Guardians and its members work to reduce harmful air pollution in order to safeguard public health, welfare, and the environment. Guardians has approximately 4,500 members, many of whom live, work, or recreate in the counties and cities that are in violation of the 2008 ozone NAAQS.

12. Guardians is a corporation. Therefore, Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e). As such, Guardians may commence a civil action under 42 U.S.C. § 7604(a).

13. Guardians' members live, work, recreate, and conduct educational, research, advocacy, and other activities in Arizona, Colorado, New Mexico, Utah, Wyoming, and many other areas where air pollution levels are in violation of the 2008 ozone NAAQS. Unhealthy levels of air pollution harm Guardians' members' activities and interests. For example, Guardians' members in the Phoenix Metropolitan Area are often forced to restrict their outdoor activities during high ozone days. The failure to make area designations means that air quality in the Phoenix Metropolitan Area is not being brought into attainment with the 2008 ozone NAAQS, thereby forcing Guardians' members to endure unhealthy air indefinitely.

14. Because the 2008 ozone NAAQS are more stringent than the 1997 standard, Guardians' members want to ensure that EPA enforces the 2008 ozone NAAQS by making the requisite area designations. Guardians' and its members' interests have been, are being, and will continue to be irreparably harmed by EPA's failure to make area designations,

1  particularly nonattainment area designations, for the 2008 ozone NAAQS as required by the
2  CAA.

3      15.    The violations alleged in this Complaint have injured and continue to injure
4  the interests of Guardians and its members.  These injuries are traceable to EPA's failure to
5  perform a non-discretionary duty.  Granting the requested relief would redress these injuries
6  by compelling EPA action that Congress determined to be an integral part of attaining the
7  NAAQS.

8      16.    Defendant LISA P. JACKSON is Administrator of the United States
9  Environmental Protection Agency.  Ms. Jackson is sued in her official capacity.  The
10 Administrator is charged with implementation and enforcement of the CAA, including the
11 requirement to promulgate area designations for the 2008 ozone NAAQS.  In this case, the
12 Administrator has delegated her responsibilities under the CAA to the U.S. Environmental
13 Protection Agency ("EPA").

**STATUTORY FRAMEWORK OF THE CLEAN AIR ACT**

15     17.    Under Section 109 of the CAA, EPA is required to establish NAAQS for
16 criteria pollutants.  <u>See</u> 42 U.S.C. § 7409(a)(1).  Criteria pollutants are those pollutants that
17 "cause or contribute to air pollution which may reasonably be anticipated to endanger
18 public health or welfare" and are emitted by "numerous or diverse mobile or stationary
19 sources." 42 U.S.C. §§ 7408(a)(1)(A) and (B).

20     18.    EPA must establish primary NAAQS at a level "requisite to protect the public
21 health." 42 U.S.C. 7409(b)(1).  EPA must also establish secondary NAAQS at a level
22 "requisite to protect the public welfare[.]" 42 U.S.C. § 7409(b)(2).  Once EPA has
23 established NAAQS for criteria pollutants, the agency is obligated to review and revise the
24 relevant NAAQS "at five-year intervals[.]" 42 U.S.C. § 7409(d)(1).

25     19.    Upon revision of a NAAQS, States are required to submit a list to EPA of all
26 areas in nonattainment, attainment, or that are unclassifiable under the revised NAAQS.
27 <u>See</u> 42 U.S.C. § 7407(d)(1)(A).  A nonattainment area is an area "that does not meet (or
28 that contributes to ambient air quality in a nearby area that does not meet) the [NAAQS] for

1  the pollutant." 42 U.S.C. § 7407(d)(1)(A)(i). An attainment area is "any area...that meets
2  the [NAAQS] for the pollutant." Id. at § 7407(d)(1)(A)(ii). An unclassifiable area is "any
3  area that cannot be classified on the basis of available information as meeting or not
4  meeting the [NAAQS] for the pollutant." Id. at § 7407(d)(1)(A)(iii).

5      20.   EPA must then promulgate the designations of all areas submitted by the
6  States "as expeditiously as practicable, but in no case later than 2 years from the date of the
7  promulgation of the [] revised [NAAQS]." 42 U.S.C. § 7407(d)(1)(B)(i). This date may be
8  extended for up to one year "in the event the Administrator has insufficient information to
9  promulgate the designations." Id.

10     21.   The promulgation of area designations triggers a number of duties and
11 deadlines upon States and EPA, in particular with regards to nonattainment areas. For
12 example, upon designation as nonattainment for any NAAQS, the CAA requires States to
13 submit to EPA within three years "a plan or plan revision" to bring an area into attainment
14 with the relevant NAAQS. See 42 U.S.C. § 7502(b). Furthermore, States must generally
15 bring nonattainment areas into attainment with the NAAQS within five years, depending on
16 the severity of the violation and the availability and feasibility of control measures. Id. at §
17 7502(a)(2)(A). EPA must ensure that States meet these deadlines and substantive
18 obligations to attain the NAAQS. See generally, id. at § 7410(k).

19     22.   On March 12 2008, EPA revised the ozone NAAQS from 0.080 parts per
20 million over an eight-hour period to 0.075 parts per million over an eight-hour period, an
21 effective strengthening of the standard. See 73 Fed. Reg. 16,511 (Mar. 27, 2008), 40
22 C.F.R. § 50.15(a). According to the revised NAAQS, the 2008 ozone NAAQS "are met at
23 an ambient air quality monitoring site when the 3-year average of the annual fourth-highest
24 daily maximum 8-hour average O3 [ozone] concentration is less than or equal to 0.075
25 parts per million[.]" 40 C.F.R. § 50.15(b).

**FACTUAL ALLEGATIONS**

23.  Within one year of the promulgation of the 2008 ozone NAAQS and pursuant to 42 U.S.C. § 7407(d)(1)(A), States submitted recommendations to EPA as to which areas should be designated as nonattainment, attainment, and unclassifiable.

24.  On March 12, 2009, the Governor of Arizona submitted a recommendation to the EPA that portions of Maricopa County including the Phoenix Metropolitan Area should be designated as nonattainment for the 2008 ozone NAAQS.  See Letter from Arizona Governor Janice Brewer to Laura Yoshi, Acting Regional Administrator, EPA Region 9.[1]

25.  On March 11, 2009, the Governor of Colorado submitted a recommendation to the EPA that the Denver Metropolitan area should be designated as nonattainment for the 2008 ozone NAAQS.  See Letter from Colorado Governor Bill Ritter to Carol Rushin, Acting Regional Administrator, EPA Region 8.[2]

26.  On March 11, 2009, the Governor of New Mexico submitted a recommendation to the EPA that Doña Ana County should be designated as nonattainment for the 2008 ozone NAAQS.  See Letter from New Mexico Governor Bill Richardson to Lawrence Starfield, Acting Regional Administrator, EPA Region 6.[3]

27.  On March 12, 2009, the Governor of Utah submitted a recommendation to the EPA that Salt Lake County should be designated as nonattainment for the 2008 ozone NAAQS.  See Letter from Utah Governor Jon Huntsman to Carol Rushin, Acting Regional Administrator, EPA Region 8.[4]

28.  On March 12, 2009, the Governor of Wyoming submitted a recommendation to the EPA that portions of Sublette County and neighboring Counties, otherwise known as

---

[1] Letter available at http://www.azdeq.gov/environ/air/plan/ozone.html (last accessed August 20, 2011).
[2] Letter available at www.epa.gov/air/ozonepollution/designations/2008 standards/re/region8R.htm (last accessed August 20, 2011).
[3] Letter available at http://www.nmenv.state.nm.us/aqb/Ozone Recommendation.htm (last accessed August 20, 2011).
[4] Letter available at www.epa.gov/air/ozonepollution/designations/2008 standards/re/region8R.htm (last accessed August 20, 2011).

6

the Upper Green River Basin area, should be designated as nonattainment for the 2008 ozone NAAQS.  See Letter from Wyoming Governor Dave Freudenthal to Carol Rushin, Acting Regional Administrator, EPA Region 8.[5]

29. Pursuant to the CAA, EPA was required to promulgate designations for areas listed by States for the 2008 ozone NAAQS on or before March 12, 2010, two years after the promulgation of the revised NAAQS.

30. On January 19, 2010, EPA published a notice in the Federal Register announcing it was using its authority under the CAA to extend by one year the deadline for promulgating area designations.  See 75 Fed. Reg. 2936 (Jan. 19, 2010).  According to EPA, the extension placed the new deadline on "March 12, 2011."  Id.

31. As justification for the extension, EPA did not cite "insufficient information," but rather cited the fact that it was reconsidering the 2008 ozone NAAQS to ensure the standards satisfied the CAA.  At the time, EPA stated it "intends to issue the final ozone NAAQS Reconsideration Rule by August 31, 2010."  75 Fed. Reg. 2936, 2937.  Although EPA proposed an ozone NAAQS reconsideration rule on January 19, 2010, to lower the standard to between 0.060 and 0.070 parts per million over an eight-hour period (see 75 Fed. Reg. 2938), EPA has yet to finalize this rule.

32. Even if EPA promulgates a final ozone NAAQS reconsideration rule in the near future, it would not moot the Agency's statutory duty to promulgate area designations for the 2008 ozone NAAQS under the CAA.  Up to three years could elapse before EPA would be obligated to enforce the new reconsideration rule.  During that time, the 2008 ozone NAAQS would be in effect.  Those areas that are currently in nonattainment with the 2008 ozone NAAQS would continue to have ozone levels above the level that the 2008 ozone NAAQS determined would protect human health.

33. In the meantime, EPA's one year extension to promulgate area designations for the 2008 ozone NAAQS has lapsed.  EPA's duty to promulgate area designations is now

---

[5] Letter available at http://deq.state.wy.us/out/downloads/Rushin%20Ozone.pdf (last accessed August 12, 2011).

7

1  more than five months overdue.  The CAA does not allow EPA to seek any additional
2  extensions.
3      34.   On March 14, 2011, Guardians provided written notice to the Administrator
4  of its intent to file suit against the EPA over its failure to perform a nondiscretionary duty,
5  in accordance with the citizen suit provisions under Section 304 of the CAA.  See 42 U.S.C.
6  § 7604(b)(2).  According to U.S. Postal Service e-return receipts, the Administrator
7  received Guardians' notice letter on March 18, 2011.
8      35.   As of the date of filing of this complaint, EPA has yet to promulgate area
9  designations for the 2008 ozone NAAQS.

**CLAIM FOR RELIEF**
**Failure to Perform a Non-Discretionary Duty to Promulgate Area Designations for the 2008 Ozone NAAQS**

12     36.   Plaintiff incorporates by reference all the preceding allegations in this
13  Complaint.
14     37.   On March 12, 2008, EPA promulgated revised ozone NAAQS.
15     38.   The Agency was required by the CAA to promulgate area designations for the
16  2008 ozone NAAQS no later than March 12, 2011.  See 42 U.S.C. § 7407(d)(1)(B)(i).
17     39.   As of the date of this complaint, EPA has not promulgated final area
18  designations for the 2008 ozone NAAQS.
19     40.   Accordingly, EPA has violated and continues to violate its mandatory duty set
20  forth at 42 U.S.C. § 7407(d)(1)(B)(i).
21     41.   This violation constitutes a "failure of the Administrator to perform any act or
22  duty under this chapter which is not discretionary with the Administrator," within the
23  meaning of the CAA's citizen suit provision.  42 U.S.C. § 7604(a)(2).  EPA's violation is
24  ongoing and will continue unless remedied by this Court.

8

**PRAYER FOR RELIEF**

WHEREFORE, Guardians requests that this Court enter judgment providing the following relief:

(A) A declaration that EPA has violated and continues to violate the CAA by failing to promulgate area designations for the 2008 ozone NAAQS, as detailed above;

(B) An injunction compelling EPA to promulgate area designations for the 2008 ozone NAAQS by a reasonable date certain;

(C) An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duty under the CAA;

(D) An order awarding Guardians its costs of litigation, including reasonable attorneys' fees; and

(E) Such other and further relief as the court deems just and proper.

Respectfully submitted this 24th day of August, 2011,

/s/ Samantha Ruscavage-Barz
*Attorney for Plaintiff WildEarth Guardians*

Of Counsel:
James J. Tutchton
WildEarth Guardians
6439 E. Maplewood Ave.
Centennial, CO 80111
Tel. (720) 301-3843
jtutchton@wildearthguardians.org